AO245B     (Rev. 11/25) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
### Western District of Washington

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>TONY SAMOUN | **JUDGMENT IN A CRIMINAL CASE** |

Case Number:     2:24CR00203RAJ-001

USM Number:     58125-511

Jesse Guerrero Cantor
_____
Defendant's Attorney

**THE DEFENDANT:**

☒  pleaded guilty to count(s)  4 and 5 of the Indictment

☐  pleaded nolo contendere to count(s)_____
   which was accepted by the court.

☐  was found guilty on count(s)  _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §922(g)(1) | Unlawful Possession of Firearms | 01/29/2025 | 4 |
| 26 U.S.C. §5861(d) and<br>26 U.S.C. §5845(a)(7) | Unlawful Possession of Silencers | 01/29/2025 | 5 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)  _____

☒  Count(s)   1, 2, and 3          ☐ is     ☒ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

_____
Catherine L. Crisham, Assistant United States Attorney

April 17, 2026
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Richard A. Jones
United States District Judge
_____
Name and Title of Judge

4/17/ 2026
_____
Date

AO245B     (Rev. 11/25) Judgment in a Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page **2** of **7**

DEFENDANT:      **TONY SAMOUN**
CASE NUMBER:    2:24CR00203RAJ-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

_60 months_

☑ The court makes the following recommendations to the Bureau of Prisons:

_FCC Lompac_

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m.   ☐ p.m.   on _____ .

☐  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO245B      (Rev. 11/25) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT:      **TONY SAMOUN**
CASE NUMBER:    2:24CR00203RAJ-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3    years

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

AO245B     (Rev. 11/25) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT:      **TONY SAMOUN**
CASE NUMBER:    2:24CR00203RAJ-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____     Date _____

AO245B      (Rev. 11/25) Judgment in a Criminal Case
               Sheet 3D — Supervised Release

DEFENDANT:      **TONY SAMOUN**
CASE NUMBER:   2:24CR00203RAJ-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  You shall abstain from the use of alcohol, intoxicants and illegal drugs during the term of supervision. You must contribute towards the cost of any programs, to the extent you are financially able to do so, as determined by the probation officer. In addition to urinalysis testing that may be a part of a formal drug treatment program, you shall submit up to eight (8) urinalysis tests per month.

2.  You must undergo a substance use disorder evaluation as directed by the probation officer and, if recommended by a licensed/certified treatment provider, enter and successfully complete an approved outpatient substance use treatment program. The program may include urinalysis testing to determine if you have used drugs or alcohol. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must contribute towards the cost of any programs, to the extent you are financially able to do so, as determined by the probation officer.

3.  The defendant shall be prohibited from gambling and the defendant shall not enter, or be otherwise involved with any legal or illegal gambling establishment or activity, except if approved by the defendant's probation officer. This prohibition will remain on file with the Washington State Gambling Commission until modified by the Court or resolution of the case.

4.  You must undergo a mental health evaluation as directed by the probation officer and, if recommended by a licensed/certified treatment provider, participate as directed in an outpatient mental health treatment program approved by the probation officer. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must contribute towards the cost of any programs, to the extent you are financially able to do so, as determined by the probation officer.

5.  The defendant shall participate as directed in the Moral Reconation Therapy program approved by the United States Probation and Pretrial Services Office. The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

6.  The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

AO245B     (Rev. 11/25) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT:     **TONY SAMOUN**
CASE NUMBER:   2:24CR00203RAJ-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment[*] | JVTA Assessment[**] |
|---|---|---|---|---|---|
| TOTALS | $ 200 | Not applicable | Waived | Not applicable | Not applicable |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[***] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐   the interest requirement is waived for the    ☐   fine    ☐   restitution
    ☐   the interest requirement for the    ☐   fine    ☐   restitution is modified as follows:

☒   The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

\*     Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\*    Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\*   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B     (Rev. 11/25) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

DEFENDANT:      **TONY SAMOUN**
CASE NUMBER:     2:24CR00203RAJ-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒     PAYMENT IS DUE IMMEDIATELY.  Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

     ☒     During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

     ☒     During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

     ☐     During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.  The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of court. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal,(6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.